1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COSMO ALLEN LEE BYRD, | ) Case No.: 1:21-cv-00559-SAB (PC) |
| Plaintiff, | )<br>) ORDER DIRECTING CLERK OF COURT TO |
| | ) RANDOMLY ASSIGN A DISTRICT JUDGE TO |
| v. | ) THIS ACTION |
| | ) |
| TUOLUMNE COUNTY SHERIFFS, et al., | ) FINDINGS AND RECOMMENDATION |
| | ) RECOMMENDING DISMISSAL OF ACTION |
| Defendants. | ) |
| | ) (ECF No. 7) |
| | ) |

Plaintiff Cosmo Allen Lee Byrd is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 2, 2021.  On July 19, 2021, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable excessive force claim against Defendant Holmes, but no other claims were cognizable.  (ECF No. 6.)  Plaintiff was granted leave to file an amended complaint or notify the Court of his intent to proceed on the excessive force claim only.  (Id.)  Plaintiff failed to file an amended complaint or otherwise respond to the Court's order.  Therefore, on August 30, 2021, the Court ordered Plaintiff to show cause within fourteen days why the action should not be dismissed.  (ECF No. 7.)  Plaintiff has failed to respond to the order to show cause.  Accordingly, dismissal of the action is warranted.

///
///

1

# I.

## FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, found he stated a cognizable excessive force claim, and granted him leave to file an amended complaint or notify the Court of his intent to proceed only on the excessive force claim.  (ECF No. 6.)  Plaintiff did not file an amended complaint or otherwise respond to the Court's July 19, 2021 order.  Therefore, on August 30, 2021, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 7.)  Plaintiff failed to respond to the August 30, 2021 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' "  Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint or notify the Court of his intent to proceed on the cognizable claim only within thirty days of July 19, 2021, and has not done so.  Accordingly, Plaintiff's failure to comply with the order of the Court by filing an amended complaint or notice to proceed hinders the Court's ability to move this action towards disposition.  This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.  Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's May 27, 2021 order requiring Plaintiff to file an amended complaint expressly stated: "Plaintiff is warned that, if he fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for failure to prosecute and failure to obey a court order."  (ECF No. 6.)  In addition, the Court issued an order to show cause why the action should not be dismissed.  (ECF No. 7.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

///

///

///

3

**V.**

**CONCLUSION AND RECOMMENDATION**

Plaintiff has failed to comply with the Court's order to file an amended complaint or notify the Court of his intent to proceed on the excessive force claim only.  In addition, Plaintiff has failed to respond to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the July 19, 2021 and August 30, 2021 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 22, 2021**

UNITED STATES MAGISTRATE JUDGE